746 F.2d 587
 5 Employee Benefits Ca 2428
 Don Ray SMITH, Plaintiff-Appellant,
v.
CMTA-IAM PENSION TRUST, et al., Defendants-Appellees.
 No. 83-1792.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 15, 1984.
Decided Nov. 2, 1984.
 
 Stanley T. Grydyk, Grydyk & Pierce, Richmond, Cal., for plaintiff-appellant.
 Richard C. Johnson, Warren H. Saltzman, Saltzman & Johnson, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before WALLACE, FLETCHER and FERGUSON, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 This case is before the court to review the district court's denial of plaintiff's motion for attorney's fees under section 502(g)(1) of the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. Sec. 1132(g)(1). We hold that the district court abused its discretion in denying fees and therefore reverse and remand.
 
 
 2
 The plaintiff, Don Ray Smith, brought this action against the CMTA-IAM Pension Trust to recover benefits which he claimed had been wrongfully withheld for a period of over 3 1/2 years. Smith represented himself until faced with the trust's motion to dismiss or for summary judgment, and for fees. He then hired counsel, but the district court dismissed Smith's action with prejudice nevertheless. On appeal this court affirmed in part and reversed in part. Smith v. CMTA-IAM Pension Trust, 654 F.2d 650 (9th Cir.1981). Upon remand, the parties settled. Included in the settlement agreement was the following paragraph:
 
 
 3
 C. The parties hereto will seek to reach an agreement concerning the payment of attorney's fees for Don Ray Smith. In the event of a failure by the parties to reach such an agreement, Don Ray Smith or his attorney may petition the Court for said fees. Failure of the parties to reach an agreement concerning attorney's fees shall not have any effect upon the finality of this settlement agreement.
 
 
 4
 The parties could not agree on the payment of plaintiff's attorney's fees, and Smith moved for fees before the district court pursuant to 29 U.S.C. Sec. 1132(g)(1). His motion was denied and he appeals. Smith also seeks fees and costs for this appeal.
 
 
 5
 ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Sec. 502(g)(1), 29 U.S.C. Sec. 1132(g)(1). A decision denying fees will be set aside if the district court (1) abused its discretion, Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980); (2) failed to state the reasons for its decision, id. at 452-53; or (3) used incorrect legal standards to reach its decision. Lummi Indian Tribe v. Oltman, 720 F.2d 1124, 1125 (9th Cir.1983). If the district court fails to state the reasons for its decision a remand for a statement of reasons may be necessary. Hummell, 634 F.2d at 452-53.
 
 
 6
 In support of its decision, the district court recited the factors this court listed in Hummell, 634 F.2d at 453, as necessary to consider when a motion for attorney's fees under ERISA is denied. We hold that the district court abused its discretion, however, by misapplying the factors.
 
 
 7
 ERISA, like the Civil Rights Acts of 1871 and 1964, and the Labor-Management Reporting and Disclosure Act, is remedial legislation which should be liberally construed in favor of protecting participants in employee benefits plans. Section 502(g)(1), 29 U.S.C. Sec. 1132(g)(1), authorizes the court to award attorney fees. This section "should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under Sec. 1132 to enforce his rights under his plan, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " Landro v. Glendenning Motorways, Inc., 625 F.2d 1344, 1356 (8th Cir.1980) (quoting Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)).
 
 
 8
 As in cases involving section 1988 awards, see Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40, a district court considering a motion for attorney's fees under ERISA should apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts. See 29 U.S.C. Sec. 1001(b); S.Rep. No. 93-127, reprinted in 1974 U.S.Code Cong. & Ad.News, 4639, 4838, 4871. As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. at ----, 103 S.Ct. at 1939, 76 L.Ed.2d at 50 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978)). See Lummi Indian Tribe, 720 F.2d at 1125. See also Central States Southeast v. Hitchings Trucking, 492 F.Supp. 906, 909 (E.D.Mich.1980).
 
 
 9
 In this case although the district court used the five factors listed in Hummell, 634 F.2d at 453, it did not have the remedial purposes of ERISA in mind. The underlying purposes of ERISA are to protect the interests of participants in employee benefit plans. An important aspect of that protection is to afford them effective access to federal courts. 29 U.S.C. Sec. 1001(b).
 
 The five Hummell factors are:
 
 10
 (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.
 
 
 11
 Hummell v. S.E. Rykoff & Co., 634 F.2d at 453. "No one of the Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case." Carpenters Southern California Administrative Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir.1984).
 
 
 12
 In considering these factors to justify a failure to award fees to Smith, a prevailing employee participant, the district court stated that "one of the main prerequisites is that there's bad faith." Although bad faith is a factor that would always justify an award, it is not required. As there was no bad faith on either side, this factor should not have been considered decisive. The relative ability of the parties to satisfy an award of fees is, however, relevant. Generally, when an employee participant brings suit under ERISA, whether it is against the trustees or the employer, the resources available to the pensioner are limited. Cf. Marquardt v. North America Car Corp., 652 F.2d 715, 718-19 (7th Cir.1981). As the Supreme Court said in Hall v. Cole, 412 U.S. 1, 13, 93 S.Ct. 1943, 1950, 36 L.Ed.2d 702 (1973), a case involving attorney's fees under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. Sec. 401 et seq.:
 
 
 13
 "Not to award counsel fees in cases such as this would be tantamount to repealing the Act itself by frustrating its basic purpose. It is difficult for individual members of labor unions to stand up and fight those who are in charge. The latter have the treasury of the union at their command and the paid union counsel at their beck and call while the member is on his own.... An individual union member could not carry such a heavy financial burden. Without counsel fees the grant of federal jurisdiction is but a gesture for few union members could avail themselves of it." 462 F.2d, at 780-781.
 
 
 14
 412 U.S. at 13, 93 S.Ct. at 1950 (quoting Cole v. Hall, 462 F.2d 777, 780-81 (2d Cir.1972)). Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant.
 
 
 15
 Consideration of the other three factors also leads to the conclusion that prevailing employee plaintiffs should ordinarily recover attorney's fees from ERISA defendants. In this case the trust defendant chose to oppose Smith's interpretation of the pension plan and section 203(a), the nonforfeiture provision of ERISA. 29 U.S.C. Sec. 1053(a). See Smith v. CMTA Pension Trust, 654 F.2d at 656-66. An award of reasonable attorney's fees would deter trustees from opposing employee participant claims if the amount of the claim and the reasonableness of the employee's claim are such that the plaintiff's chances of success are great. If the employee's claim is frivolous, however, the trust will not be deterred from denying the claim as it would not run the same risk of liability for a judgment or for fees. On the other hand, when the positions of both parties have some merit, as in this case, a decision clarifying the terms of a plan after litigation would "benefit all participants and beneficiaries" by settling a disputed provision or an ambiguity. This would be helpful to the trustees in future administration, but "often depend[s] on a plaintiff's initiative in bringing suit." Carpenters Southern California Administrative Corp. v. Russell, 726 F.2d at 1416.
 
 
 16
 The fifth Hummell factor, the relative merits of the parties' positions, is, in the final analysis, the result obtained by the plaintiff. When the plaintiff receives what he or she sued for by way of voluntary settlement,
 
 
 17
 "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. [Citation omitted]. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."
 
 
 18
 Hensley, 461 U.S. at ----, 103 S.Ct. at 1940, 76 L.Ed.2d at 52. By way of settlement, Smith received a portion of what he brought suit to recover, and so crossed the "statutory threshold" entitling him to recover fees from the defendant. See id. 461 U.S. at ----, 103 S.Ct. at 1939, 76 L.Ed.2d at 50.
 
 
 19
 On remand, the district court should reconsider the award of fees in light of the remedial purposes of ERISA. That the dispute was ultimately settled after remand should not detract from the fact that plaintiff recovered $4,151.04, which covered the amount of back payments he sought on remand, and that he was forced into federal court to recover it due to a dispute regarding the interpretation of section 203(a) of ERISA. 29 U.S.C. Sec. 1053(a). See Lummi Indian Tribe, supra; White v. City of Richmond, 713 F.2d 458 (9th Cir.1983). Costs for this appeal should be determined and included in the fees award. Perkins v. Standard Oil Co., 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970) (per curiam).
 
 
 20
 REVERSED AND REMANDED.
 
 WALLACE, Circuit Judge, concurring:
 
 21
 In my opinion, the majority reaches the correct result for the wrong reason. The procedural posture of this case makes it a poor vehicle for establishing broad propositions about the remedial nature of the pension statute vis-a-vis attorney's fees. I find a more narrow reason for deciding that the district court abused its discretion in denying attorney's fees in its failure to consider the settlement agreement Smith reached with the trust that assumed liability but did not fix an amount for attorney's fees.
 
 
 22
 Before addressing the majority's analysis of the case under the Hummell test, I will comment on its questionable reliance on two authorities. First, the majority relies on Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), for the proposition that "a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant." Maj. op. at 593. Hall differs from the case before us because the issue in Hall had public importance. The language of 29 U.S.C. Sec. 401(b) indicates that the rights and interests to be vindicated in member-union litigation are those of "employees and the public generally." (Emphasis added.) Without a major public impact, a particular dispute becomes merely "private feuding having no general significance." Hall v. Cole, 412 U.S. at 16, 93 S.Ct. at 1951 (White, J., dissenting).
 
 
 23
 Our initial opinion, Smith v. CMTA-IAM Pension Trust, 654 F.2d 650 (9th Cir.1981), dismissed Smith's complaint on all grounds except the one involving suspensions, remanding on this issue because the record had not been fully developed. When the parties later settled, therefore, the sole open issue was whether, interpreting the suspension provision of this particular pension plan, Smith continued to be employed "in the same trade or craft" as when the benefits commenced. See ERISA Sec. 203(a)(3)(B)(ii), 29 U.S.C. Sec. 1053(a)(3)(B)(ii). Because it is difficult to see the general public importance of attorney's fees for the narrow issue presented, this case is a slim reed on which to rest broad pronouncements about the statute's remedial reach. It seems unarguable that a judgment for Smith on the "same trade or craft" issue would have a limited impact on other participants in the pension plan.
 
 
 24
 The majority apparently finds general importance by reasoning that, like civil rights laws, ERISA must be liberally construed to further its remedial purpose. Maj. op. at 592. Such an analysis has no limitation, however. Every statutory scheme is "remedial" with respect to at least one of the groups with which it is concerned, and can thus be analogized to the civil rights laws. We need legislative history. Unfortunately, the majority offers none of any significance.
 
 
 25
 Second, I am concerned about the majority's argument that section 1988 awards provide a persuasive basis for reversal. Maj. op. at 592. We recently rejected an analogy between 29 U.S.C. Sec. 1132(g)(1) and another civil rights statute, Title VII, because the analogy impermissibly narrowed the scope of section 1132(g)(1). See Carpenters Southern California Administrative Corp. v. Russell, 726 F.2d 1410, 1415-16 (9th Cir.1984) (defendant employers may be awarded attorney's fees under section 1132(g)(1) based on same standards as for plaintiffs). I do not see why an analogy to section 1988 is appropriate here.
 
 
 26
 I now turn to the majority's treatment of the district court's use of the Hummell test. Maj. op. at 592. See Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980). A review of the Hummell analysis, I suggest, demonstrates the majority's use of it is flawed. The majority outlines the Hummell factors, stating the district court did not have the remedial purposes of ERISA in mind when applying them. Maj. op. at 592. The majority fails to make clear how, given these purposes, the district court improperly applied the factors. The majority then correctly cites Carpenters Southern California Administrative Corp. v. Russell, 726 F.2d at 1416, for the proposition that "[n]o one of the Hummell factors ... is necessarily decisive, and some may not be pertinent in a given case." The last proposition, I take it, means that sometimes one of the Hummell factors could be decisive. Indeed, it could be only one because other Hummell factors may not be "pertinent in a given case." Id. The majority then properly points out that "[i]n considering these factors to justify a failure to award fees to Smith," the district court said "one of the main prerequisites is that there's bad faith." Maj. op. at 592. Thus, the district court took the lack of bad faith to be a pertinent factor justifying its failure to award fees.
 
 
 27
 The majority reversed the district court, however, on the ground that, "although bad faith is a factor that would always justify an award, it is not required." But this reasoning inverts the Hummell test and seems to have been developed merely for the purpose of reversal. The district court was looking at the factors to justify a failure to award attorney's fees and justified its failure on the ground that there was no bad faith; it was not seeking to justify granting an award.
 
 
 28
 The majority opinion also states that because "there was no bad faith on either side, this factor should not have been considered decisive." But the district court never said that bad faith was the only prerequisite that would justify a failure to make an award. Moreover, the majority certainly cannot mean that a district court may not look to a lack of bad faith to justify a failure to award attorney's fees when neither side is in bad faith. A failure to award fees can be justified on the ground that there was no bad faith if, as Russell recognizes to be possible, other factors are not "pertinent." Nothing in the transcript suggests the district court imposed an exclusive requirement on Smith, or that the district court misapplied the test:
 
 
 29
 The award of attorney's fees under ERISA would be inappropriate in this case, because there was no bad faith on either side. And one of the main prerequisites is that there's bad faith.
 
 
 30
 An award of fees would not deter others from acting under similar circumstances.
 
 
 31
 The plaintiff, from the beginning of this lawsuit, did not seek to benefit all the participants. And the narrow legal question which was decided in the plaintiff's favor; namely, the applicability of section 203(A) of ERISA to any suspension of benefits after April 1, 1976, is really quite insignificant; and, in any case, did not have the effect of giving the plaintiff the relief that he sought. Because the question of whether he had worked in the same trade was remanded by the Ninth Circuit.
 
 
 32
 Each party's position had some merit, and with each side prevailing on at least one issue.
 
 
 33
 The defendant prevailed on its interpretation of its plan, as well as on the state law issue.
 
 
 34
 So it does not call for attorney's fees; and the motion is denied.
 
 
 35
 I concur with the majority's result, however, based on a proper, more comprehensible, and narrower ground for the decision. Upon remand from this court, the parties settled. Included in the settlement agreement was the following clause:
 
 
 36
 C. The parties hereto will seek to reach an agreement concerning the payment of attorney's fees for Don Ray Smith. In the event of a failure by the parties to reach such an agreement, Don Ray Smith or his attorney may petition the Court for said fees. Failure of the parties to reach an agreement concerning attorney's fees shall not have any effect upon the finality of this settlement agreement.
 
 
 37
 (Emphasis added.) The parties could not agree on the payment of Smith's attorney's fees, and Smith moved for fees before the district court pursuant to 29 U.S.C. Sec. 1132(g)(1), which the court denied.
 
 
 38
 Without examining anything else in the district court's treatment of the Hummell factors, I believe we should reverse and remand for abuse of discretion in light of this settlement agreement. It is clear from the above clause that both parties expected and intended that Smith was to be paid at least some attorney's fees. Thus, this part of the agreement, though perhaps not specifically enforceable, strongly evidences the parties' intention. Smith secured a commitment from the trust concerning the payment of his attorney's fees. Only the amount was left open to negotiation. By way of settlement, he thus received a portion, however small, of what he brought suit to recover, and so crossed the "statutory threshold." Under these circumstances, I believe the district judge abused his discretion by not explicitly considering this factor as pertinent in the Hummell analysis. This is a simple, available path of decision in this case, and it is the one I would take.