JOSEPHINE ZERVOS, Plaintiff-Appellant and Cross-Appellee, v. SOLO CUP COMPANY, Defendant-Appellee and Cross-Appellant.

First District (1st Division)   No. 86—3307

Opinion filed December 31, 1987.

Ronald S. Fishman, of Chicago, for appellant.

Fox & Grove, Chartered, of Chicago (Shayle P. Fox and William Henry Barrett, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This action was brought by Josephine Zervos, the plaintiff, against Solo Cup Company, the defendant, seeking a declaration that she was entitled to benefits under defendant's group hospital and major medical plan (plan). This plan was administered by defendant under ERISA (29 U.S.C. §1001 et seq. (1975)).

Plaintiff alleged that while working for defendant, and covered under the plan, she was diagnosed as suffering from a physical condition known as morbid obesity. Her physician recommended surgery to treat her condition. Subsequently, her doctor performed a gastric bypass operation. As a result of this surgical procedure, she sustained substantial hospital and doctor bills. She submitted these bills to the

plan's administrators, who refused to pay the claim because they determined that the procedure was elective surgery and therefore not covered.

After her claim was refused a second time, plaintiff instituted this action. The trial judge found for plaintiff and entered a judgment of $12,473.16. The court, however, refused plaintiff's request for attorney fees. On plaintiff's post-trial motion for fees, the court again refused plaintiff's request. Plaintiff appeals the denial of attorney fees, and defendant cross-appeals the judgment in favor of plaintiff.

This appeal presents the following two issues: (1) whether the trial court erred in refusing plaintiff's request for attorney fees; (2) whether the trial court erred when it reversed the decision of the plan's trustees and ordered defendant to pay plaintiff's medical bills. For the following reasons, the judgment of the trial court is reversed and remanded in part, and affirmed in part.

I

As a threshold matter, we address defendant's argument that since plaintiff did not plead ERISA, she cannot seek fees under its terms. In addition, defendant contends that under section 2—1203(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203(a)), a post-trial motion is an inappropriate vehicle to amend the complaint and request attorney fees.

■ Defendant's arguments depend on an overly technical reading of plaintiff's complaint. On the face of the complaint it is apparent that plaintiff is suing for benefits denied her under defendant's health plan. The plan, which is incorporated into the complaint as an exhibit, states very clearly in the first few pages that it is created pursuant to ERISA. Thus, plaintiff's claim arises under ERISA.

■ Plaintiff's post-trial motion did not seek to amend her complaint. Instead, the motion was directed against the trial court's judgment which denied her attorney fees. Under section 2—1203(a), a party may petition the court for a "modification of the judgment or to vacate the judgment or other relief." Clearly, plaintiff's motion seeks a modification of the judgment and accordingly, the motion was proper.

■ Even though plaintiff did not pray for attorney fees under ERISA, "the prayer for relief does not limit the relief obtainable." (Ill. Rev. Stat. 1983, ch. 110, par. 2—604.) The trial court could have allowed an amendment of the prayer for relief to include a claim for fees under ERISA. The prejudice to defendant in allowing this amendment would be minimal, since defendant was well aware that

ERISA governed the action having raised ERISA in its answer. Moreover, the amendment is not radically different than the original complaint because plaintiff was originally requesting fees, though under a different statute. Thus, the trial court could have granted plaintiff's post-trial motion and awarded fees under ERISA.

We now turn to the merits of plaintiff's appeal. She raises the issue of whether the trial court erred in denying her request for fees. The trial court ruled that plaintiff could not recover her fees because there was not a preponderance of evidence showing the plan trustees acted in bad faith. The trial court did not consider any other factors in arriving at this conclusion.

■ Section 1132(g) of ERISA provides for recovery of attorney fees as follows:

> "In any action under this [title] *** by a participant, beneficiary or fiduciary, the court in its discretion may allow reasonable attorney fees and costs of action to either party." (29 U.S.C. §1132(g) (Supp. IV 1980).)

In construing this provision the Federal appellate courts have established several guidelines for determining whether to award attorney fees to a prevailing party. These guidelines are as follows:

> "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' position." (*Hummel v. S. E. Rykoff & Co.* (9th Cir. 1980), 634 F.2d 446, 453.)

(Accord *Iron Workers Local No. 272 v. Bowen* (5th Cir. 1980), 624 F.2d 1255, 1266.) Not one of these guidelines is necessarily decisive. (*Carpenters Southern California Administrative Corp. v. Russell* (9th Cir. 1984), 726 F.2d 1410, 1416.) A showing of bad faith is not required to justify an award of attorney fees. (*Smith v. CMTA-IAM Pension Trust* (9th Cir. 1984), 746 F.2d 587, 590; *Baeten v. Van Ess* (E.D. Wis. 1979), 474 F. Supp. 1324, 1332.) As a general rule, a prevailing party in an ERISA action should be awarded her fees unless special circumstances would render such an award unjust. *Hollenbeck v. Falstaff Brewing Corp.* (E.D. Mo. 1984), 605 F. Supp. 421, 437.

■ In the instant case, the trial court denied plaintiff's request for fees only because there was no showing of bad faith. It did not consider any of the other relevant guidelines in reaching its conclu-

sion. Following the trial court's rationale, very few, if any, plaintiffs would be entitled to recover their fees. To deny plaintiff's request for fees on such a narrow basis thwarts the remedial purpose of ERISA.

This case is analogous to *Smith v. CMTA-IAM Pension Trust* (9th Cir. 1984), 746 F.2d 587, 590. In *Smith*, the plaintiff brought an ERISA action to recover benefits from his union which he claimed had been wrongfully withheld. He prevailed on his claim, but the trial court refused to award attorney fees because there was no evidence of bad faith. In reversing the trial court, *Smith* reasoned as follows:

> "As there was no bad faith on either side, this factor should not have been considered decisive. The relative ability of the parties to satisfy an award of fees is, however, relevant. Generally, when an employee participant brings suit under ERISA, whether it is against the trustees or the employer, the resources available to the pensioner are limited. [Citation.] As the Supreme Court said in *Hall v. Cole*, 412 U.S. 1, 13, 93 S. Ct. 1943, 1950, 36 L. Ed. 2d 702 (1973), a case involving attorney's fees under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §401 *et seq.*: 'Not to award counsel fees in cases such as this would be tantamount to repealing its basic purpose. It is difficult for individual members of labor unions to stand up and fight those who are in charge. The latter have the treasury of the union at their command and the paid union counsel at their beck and call while the member is on his own ***. An individual union member could not carry such a heavy financial burden. Without counsel fees the grant of federal jurisdiction is but a gesture for few union members could avail themselves of it.' [Citation.] Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant." 746 F.2d at 590.

We are persuaded by the reasoning in *Smith* that the relative ability of the parties to pay their attorney fees is a very important guideline which should be considered by the trial court. The trial court abused its discretion in not considering this guideline or any other relevant guideline besides bad faith. We reverse and remand this case for a hearing on the question of attorney fees.

## II

At this juncture, we turn to defendant's cross-appeal in which defendant argues that the trial court incorrectly substituted its judgment for that of the plan trustees. The court must affirm the decision

of the plan trustees unless it finds that the trustees acted in an arbitrary and capricious manner in denying the claim for benefits. *Wardle v. Central States, Southeast & Southwest Areas Pension Fund* (7th Cir. 1980), 627 F.2d 820, 824, *cert. denied* (1981), 449 U.S. 1112, 66 L. Ed. 2d 841, 101 S. Ct. 922.

■ An ERISA plan trustee has a fiduciary obligation to process claims in good faith and in a fair and diligent manner. (*Massachusetts Mutual Life Insurance Co. v. Russell* (1985), 473 U.S. 134, 142-43, 87 L. Ed. 2d 96, 104, 105 S. Ct. 3085, 3091.) Although a trustee may employ others to render advice concerning a claim (29 U.S.C. §1102(c)(2) (1975)), he must thoroughly investigate a claim to discharge his fiduciary duties. See *McLaughlin v. Connecticut General Life Insurance Co.* (N.D. Cal. 1983), 565 F. Supp. 434, 454; see also 29 U.S.C. §1104 (1975).

The record before us indicates that Leo Carter testified that he was one of three plan trustees. Carter also testified that he and the other trustees lacked any medical training. He further testified that he had never considered a claim for gastric bypass surgery prior to plaintiff's claim.

In deciding to refuse plaintiff's claim, Carter and the other trustees did not consult any doctor or medical treatise. Instead, he consulted two articles from the *American Journal of Nursing* which discussed gastric bypass surgery. Neither one of these articles, however, stated whether the operation was considered elective or cosmetic. In addition, Carter received advice from Dick Wickert, a professional claims administrator. Wickert recommended denying plaintiff's claim because it was for elective or cosmetic surgery. Without inquiring as to the basis for Wickert's recommendation, the trustees accepted it and denied plaintiff's claim. They reached this conclusion despite the evaluation of plaintiff's surgeon which indicated that if surgery was not performed, other serious complications were not only likely, but probable.

■ Carter's testimony demonstrates that the plan trustees failed to make a diligent investigation of plaintiff's claim. They arrived at their decision and ignored the surgeon's evaluation without any competent medical evidence. We agree with the trial court's finding that the trustees "abandoned their fiduciary duty of asserting their independent judgment in determining the eligibility of the claims, delegating that ultimate responsibility instead to those whom they employed merely for advice." The trustees failed to meet their obligations under ERISA and reached a decision without a rational basis. We therefore conclude that the trustee's decision was arbitrary and capricious.

For the foregoing reasons the judgment of the circuit court of Cook County is reversed and remanded in part, and affirmed in part.

Reversed and remanded in part; affirmed in part.

CAMPBELL and MANNING, JJ., concur.