5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ASSOCIATED BUILDERS AND CONTRACTORS, INC., Sierra Nevada
Chapter; Electrical Joint Apprenticeship
Committee; Sierra Nevada Chapter ABC
Apprenticeship Trust Fund,
Plaintiffs-Appellants,
v.
Frank MACDONALD, Defendant-Appellee.
 No. 92-15414.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 10, 1993.
Decided Sept. 7, 1993.
 
 Before: KOZINSKI, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. Attorney's Fees Pursuant to 42 U.S.C. Sec. 1988
 
 
 3
 Under 42 U.S.C. Sec. 1988, "[c]ourts have discretion to award reasonable attorneys' fees to the prevailing party in a section 1983 action." Diaz v. San Jose Unified School Dist., 861 F.2d 591, 597 (9th Cir.1988).
 
 
 4
 Plaintiffs argued below (in their Points and Authorities of January 25, 1990) that they should have been awarded Sec. 1988 attorney's fees because they prevailed in their Sec. 1983 equal protection claim. The memorandum embodying this argument was filed after the district court's judgment of December 22, 1989 (amended on February 28, 1990), and prior to Electrical Joint Apprenticeship Comm. v. MacDonald, 949 F.2d 270, 275 (9th Cir.1991), cert. denied, 112 S.Ct. 2991 (1992), which affirmed on an alternative ground, and thus vacated the district court's equal protection judgment. The Points and Authorities were never substantively revised after that decision. Responding to the argument presented, the district court denied Sec. 1988 attorney's fees because there was no longer a basis for a Sec. 1988 award. The court did not abuse its discretion in so ruling.
 
 
 5
 Plaintiffs now present a new argument which was not raised below. Specifically, they contend that substantive rights granted under ERISA's preemption clause can be asserted against a state by means of a Sec. 1983 cause of action, thereby entitling Plaintiffs, as the prevailing parties, to an award of fees under Sec. 1988. "As a general rule, an appellate court will not hear an issue raised for the first time on appeal." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992). "[T]he argument must be raised sufficiently for the trial court to rule on it." Id. (quotation omitted). In the present case, Plaintiffs failed to update their Points and Authorities to include the present argument. We decline to consider an argument upon which the district court did not have an opportunity to rule.
 
 
 6
 2. Attorney's Fees Pursuant to 29 U.S.C. Sec. 1132(g)
 
 
 7
 The factors to be considered by a court in determining whether to grant attorney's fees under 29 U.S.C. Sec. 1132(g) are set forth in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980) and Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589-90 (9th Cir.1984). The Plaintiffs did raise this ERISA argument below, but neither party addressed these seminal cases in their memoranda before the district court. The district court did not consider Smith, but did attempt to apply the Hummell factors with the sparse record at its disposal. We remand this issue to enable the parties to establish a record upon which a district court (and an appellate court) can properly rule.
 
 
 8
 AFFIRMED in part; and REMANDED in part. No costs allowed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3