17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael R. THOMKE, Plaintiff-Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, et al.,
Defendants-Appellees.
 No. 92-55898.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1994.*
Decided Feb. 9, 1994.
 
 Before: SNEED, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Appellant Michael R. Thomke ("Thomke") is a qualified dependent under the McDonnell-Douglas Corporation ERISA Plan, insured by appellees Connecticut General Life Insurance Company, Life Insurance Company of North America, Cigna Health Plan Companies, and Cigna Employee Benefits Companies ("Connecticut General"). Thomke lost his right arm as a result of a car accident. Connecticut General initially denied coverage, but after a letter by Thomke's counsel, offered to pay $12,500. After further negotiations with Thomke's counsel, Connecticut General paid Thomke the full policy limit of $50,000, but refused to pay attorney fees. Thomke filed a complaint with the district court to recover attorney fees, and now appeals the district court's denial of this claim.
 
 JURISDICTION
 
 3
 We review the district court's denial of attorney fees under ERISA for abuse of discretion. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir.1980). However, questions of law, including statutory interpretation, are reviewed de novo. Cann v. Carpenters' Pension Trust Fund, 989 F.2d 313, 315 (9th Cir.1993).
 
 MERITS
 
 4
 In a civil enforcement action under ERISA "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 27 U.S.C. Sec. 1132(g)(1). Thomke requests recovery of attorney fees incurred during the administrative review process. Cann v. Carpenters' Pension Trust Fund, 989 F.2d 313 (9th Cir.1993), is dispositive of this case. In Cann, we held that the word "action" in 29 U.S.C. Sec. 1132(g)(1) means court proceedings, not administrative proceedings, and therefore the statute allows recovery only of "fees incurred in the litigation in court." Id. at 316. Pursuant to this authority, Thomke cannot recover the attorney fees he requests.
 
 
 5
 Thomke cites cases stating that remand to the district court is proper where the district court failed to state reasons for its decision. See Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir.1980); Smith v. CMTA-IAM Pension Trust, 746 F.2d 587 (9th Cir.1984). However, in these cases the question was whether the district court abused its discretion in not awarding attorney fees. In contrast, here, the statute does not give the district courts discretion to award attorney fees incurred during the administrative review process. "[N]o reasons for the exercise of discretion are required if the judge lacks discretionary authority." Cann, 989 F.2d at 316. Although the district court in Cann did not give reasons for its denial of attorney fees resulting from the administrative proceedings, rather than remanding the case to the district court for a statement of reasons, we simply affirmed. Likewise, here, although the district court did not state reasons for its decision to deny attorney fees, remanding to the district court would not be proper because the statute does not authorize an award of the attorney fees Thomke seeks in this case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3