**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOINT TRUSTEES OF THE INTERNATIONAL LONGSHORE & WAREHOUSE UNION - PACIFIC MARITIME ASSOCIATION PENSION PLAN, | No. 13-35071 |
| Plaintiff-counter-defendant, | D.C. No. 2:12-cv-01379-JLR |
| JEANETTE PRITCHOW, | MEMORANDUM[*] |
| Defendant-cross-defendant - Appellee, | |
| v. | |
| KIM E ROSS, | |
| Defendant-cross-claimant - Appellant. | |

| | |
|---|---|
| JEANETTE PRITCHOW, | No. 13-35074 |
| Defendant-cross-defendant - Appellant, | D.C. No. 2:12-cv-01379-JLR |
| And | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

JOINT TRUSTEES OF THE
INTERNATIONAL LONGSHORE &
WAREHOUSE UNION - PACIFIC
MARITIME ASSOCIATION PENSION
PLAN,

          Plaintiff-counter-defendant,

  v.

KIM E ROSS,

          Defendant-cross-claimant -
Appellee.

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 12, 2014
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and BERZON, Circuit Judges.

These cross-appeals from the entry of summary judgment in an interpleader

action concern a dispute regarding the distribution of survivor pension benefits by

the Joint Trustees of the International Longshore & Warehouse Union – Pacific

Maritime Association Pension Plan ("the Plan"). Kim E. Ross ("Mrs. Ross")

appeals the district court's award of 100% of Joseph E. Ross's ("Mr. Ross")

2

survivor benefits to Jeannette Pritchow, Mr. Ross's former wife.  Ms. Pritchow appeals the denial of her request for attorneys' fees.  We affirm.

**(1)** The district court did not err in interpreting the Qualified Domestic Relations Order ("QDRO") agreed to between Ms. Pritchow and Mr. Ross as awarding 100% of the survivor benefits to Ms. Pritchow.  The plain language of the QDRO states that Ms. Pritchow is entitled to "*the entirety of* the survivor benefit payable pursuant to the Plan."  Although Washington law applies a community property *presumption* that when a spouse continues to accumulate pension benefits following divorce, the former spouse should receive only those benefits that accrued during the marriage, state law does not *mandate* that approach.  *See Chavez v. Chavez (In re Chavez)*, 909 P.2d 314, 316 (Wash. App. 1996).

Here, the QDRO is entirely clear with respect to survivor benefits, and so overcomes any applicable presumption.  Moreover, the QDRO elsewhere specifically reflects Washington's community property presumption, in its treatment of pension benefits during Mr. Ross's lifetime (which is what was at stake in *In re Chavez*).  The distinction between the treatment of pension benefits and of survivor benefits confirms that the community property presumption was not overlooked when the QDRO was entered.  Instead, it was meant to apply to the

3

division of pension benefits paid while the primary beneficiary was alive, but was not applicable to "the survivor benefit payable pursuant to the Plan" after Mr. Ross's death.

**(2)** The district court did not abuse its discretion in denying attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1). Because Ms. Pritchow wholly prevailed on her claims, the district court was not required to consider the factors identified in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). *See Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1392 (9th Cir. 1994). But it was not an abuse of discretion to do so. Moreover, under the circumstances, it would be unjust to award fees against the Plan, which, faced with a legitimate dispute between competing beneficiaries, responded appropriately by filing this interpleader action. *See Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).

**AFFIRMED.**