**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SELINA BRYANT,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC.,<br><br>        Defendant - Appellee,<br><br>  and<br><br>SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST,<br><br>        Defendant. | No. 14-55251<br><br>D.C. No. 2:10-cv-09560-RGK-RZ<br><br><br>MEMORANDUM* |
| SELINA BRYANT,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>SOUTHWEST CARPENTERS HEALTH AND WELFARE TRUST, | No. 14-55313<br><br>D.C. No. 2:10-cv-09560-RGK-RZ |

       \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant,

and

CIGNA HEALTHCARE OF
CALIFORNIA, INC.,

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 12, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Plaintiff Selina Bryant appeals from the district court's February 7, 2014 Judgment Regarding Attorneys' Fees and Costs. Defendants Connecticut General Life Insurance Company ("CGLIC") and Southwest Carpenters Health & Welfare Trust cross-appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

Bryant argues that the district court abused its discretion when it determined that she could not recover attorneys' fees incurred after March 21, 2011, the date that CGLIC accepted responsibility for paying her claim. The district court based its decision on *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1174 (9th Cir. 1999),

where this court held that an ERISA claimant "should recover fees only for work up until the time she learned conclusively that US West would pay her claim in full." The critical fact, however, was that once the plaintiff had achieved certainty regarding her claim, "nothing remained to be achieved by further litigation[,]" and the court was not persuaded that the further actions taken by counsel were "necessary or appropriate." *Id.*

Entitlement to attorneys' fees is a critical issue in ERISA actions, and litigation may be necessary to establish that entitlement. *See Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984) ("'Not to award counsel fees in cases such as this would be tantamount to repealing the Act itself by frustrating its basic purpose.'" (quoting *Hall v. Cole*, 412 U.S. 1, 13 (1973))). Here, Bryant's entitlement to attorneys' fees depended on establishing that CGLIC received a claim in 2007. Otherwise she would not have been able to show that she achieved "some success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010).

Throughout the life-span of this case and including its briefing to this panel, CGLIC refused to acknowledge that it received a claim in 2007. CGLIC was well within its rights to do so, but that action forced Bryant to conduct additional discovery to establish her entitlement to fees. As the prior Ninth Circuit panel

3

recognized, "if CGLIC received a claim from Bryant prior to her initiation of this litigation but paid up only under the cloud of litigation, then Bryant likely 'sustained some degree of success' on the merits." On remand, the district court placed dispositive weight on facts and arguments that were the result of Bryant's post-March 21, 2011 discovery.

In these circumstances, the district court abused its discretion when it denied attorneys' fees corresponding to the work that was undertaken to ensure Bryant's entitlement to those fees. Accordingly, we vacate the district court's judgment in part and remand. On remand, Bryant must differentiate between the post-March 21, 2011 fees that she incurred to establish that CGLIC had received a claim in 2007, and the post-March 21, 2011 fees that she incurred pursuing the theory that CGLIC should have paid her directly, so that the district court can fashion an appropriate award. Only the post-March 21, 2011 fees that she incurred to establish that CGLIC had received a claim in 2007 were "necessary or appropriate." *McElwaine*, 176 F.3d at 1174. In addition, the district court shall exclude the costs incurred during both of Bryant's appeals from its costs award.

We affirm the remainder of the district court's underlying orders regarding attorneys' fees. First, the district court did not abuse its discretion when it refused to award attorneys' fees that Bryant incurred pursuing the theory that CGLIC

4

should have paid her directly. That theory did not contribute to the success that Bryant achieved.

The district court also did not abuse its discretion in reducing the fee award for Bryant's first appeal. The court properly concluded that reasonably experienced counsel would not require more than 120 hours of preparation given that the issues presented were not complex and that many of the hours expended were unreasonable. For example, spending 44.4 hours to prepare for a 15 minute oral argument defies logic, as does the 15.7 hours that counsel spent "preparing to file an appeal." Having arrived at a reasonable figure of 120 hours, the district court did not abuse its discretion by halving that figure to excise the portion of the appeal that was dedicated to the theory that CGLIC should have paid Bryant directly.

Likewise, the district court did not abuse its discretion when it reduced the attorneys' fees that Bryant's attorneys incurred in preparing her motion for attorneys' fees and in responding to the court's request for additional information. The fees requested were unreasonable in light of the work required.

With respect to the Defendants' cross-appeal, the district court properly determined that the *Hummell* factors weighed against a fee award for the defense. *See Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). The only

5

factor favoring a fee award was Bryant's counsels' ability to pay, and none of the substantive factors suggested that a fee award would be appropriate.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**