NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 27 2017

FOR THE NINTH CIRCUIT


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO PONCE DE LEON aka
FRANK PONCE DE LEON,

Plaintiff-Appellant,

v.

INTERNATIONAL
LONGSHOREMEN'S AND
WAREHOUSEMEN'S UNION—
PACIFIC MARITIME ASSOCIATION
WELFARE PLAN,

Defendant-Appellee.

No.    16-55364

D.C. No. 2:13-cv-05561-DSF-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 16, 2017**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  NGUYEN and HURWITZ, Circuit Judges, and SEEBORG,*** District Judge

Francisco Ponce de Leon appeals a district order, denying his request for attorneys' fees arising out of an Employee Retirement Income and Security Act (ERISA) benefits dispute. We affirm.

1. The district court applied the established test for awarding attorneys' fees under section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), which presumes that fees should be awarded to a claimant who achieves success on the merits absent "special circumstances" that make an award unjust. *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984). The record supports the district court's conclusion that Ponce de Leon's litigation efforts were not responsible for his success, but were instead "trivial" and "purely procedural." *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983)). Ponce de Leon voluntarily agreed to stay his litigation soon after filing his complaint and before the Plan filed a responsive pleading. Thereafter the district court played largely a passive role in Ponce de Leon's case—simply staying the action pursuant to the parties' stipulation pending resolution of the administrative claims process and then confirming an award that had already been satisfied. Therefore, the district court made a reasonable

---

*** The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

determination that Ponce de Leon's successful recovery of benefits resulted from his efforts in arbitration rather than from litigation activity.

2. To the extent the district court denied fees because it found that Ponce de Leon's success on the merits in arbitration proceedings did not constitute an "action" within the meaning of ERISA's fee-shifting rule, this was not error. Fee recovery under 29 U.S.C. § 1132(g)(1) is not available for pre-litigation administrative activity. *Cann v. Carpenters' Pension Tr. Fund for N. Cal.*, 989 F.2d 313 (9th Cir. 1993). While fees expended on administrative proceedings after a court-ordered remand may be recoverable, *see Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 122 (2d Cir. 2002), the district court in this case did not compel the parties to go to arbitration, but instead merely entered the parties' stipulation to do so. As a result, the district court concluded that there was no ERISA "action" properly before the court and thus, no pending litigation onto which Ponce de Leon could tack his administrative proceedings.

3. Ponce de Leon argues in the alternative that regardless of whether they are associated with litigation, the arbitration proceedings themselves should be considered an "action" for the purposes of ERISA fee recovery. Such an interpretation is inconsistent with our holding in *Cann*, which limits attorneys' fees

3

to litigation proceedings. Plaintiffs may not circumvent *Cann* by filing suit before exhausting administrative remedies, in order to get the benefit of fee recovery.

**AFFIRMED**.