Igor GUNN, Plaintiff,

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY,**
et al., Defendants.

**No. CV 04–01852 FMC MANX.**

United States District Court,
C.D. California.

Jan. 4, 2006.

Glenn R. Kantor Esq., Gruber & Kantor, Sherman Oaks, CA, for Plaintiff.

Colleen R. Smith, Harrington Foxx Dubrow & Canter, Los Angeles, CA, Allison M. Dibley, Jackson Lewis, San Francisco, CA, for Defendants.

### ORDER GRANTING MOTION FOR ATTORNEY FEES

COOPER, District Judge.

This matter is before the Court on Plaintiff's Motion for Attorney Fees (docket # 63). The Court has read and considered the moving, opposition, and reply documents submitted in connection with this Motion. The Court deems this matter appropriate for decision without oral argument. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for January 9, 2006, is removed from the Court's calendar.

In an order dated October 31, 2005, the Court, on administrative review, found that Plaintiff was entitled to benefits under the relevant ERISA plan after Defendant had terminated his benefits. Plaintiff now seeks an award of attorney fees.

█ In an ERISA action to recover unpaid disability benefits, "the court in its

**1164**

discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Where a beneficiary prevails in an ERISA suit for benefits, he "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1984) (internal quotations omitted). "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* at 589 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

■ In determining whether to award fees and costs, the Court considers the following factors, often referred to as the "*Hummell* factors": (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* at 590 (quoting *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir.1980)). "No one of the Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case." *Id.* (citation omitted). Here, all five of the factors favor an award of fees.

■ First, as detailed in the Court's Order on Administrative Review Plaintiff presented some evidence of Defendant's bad faith in the review of his claim for benefits. Here, the Court found that Plaintiff presented "material, probative ev-

idence ... tending to show that the fiduciary's self interest caused a breach of the administrator's fiduciary obligations to the beneficiary." Oct. 31 Order at 14. Accordingly, the first factor favors an award of fees.

■ Second, there is no indication in the record that Defendant would be unable to satisfy an award of fees. Because an employee's resources are generally limited, and because ERISA is intended to afford plan participants effective access to the courts, the ability of the defendant to satisfy an award of fees is a key factor. *Smith,* 746 F.2d at 589–90. "Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily receive attorney's fees from the defendant." *Id.* at 590.

The third *Hummell* factor—whether an award of fees against Defendants would deter others from acting in similar circumstances—almost always favors an award of fees and favors an award under the facts of this case.

■ The fourth *Hummell* factor favors an award of fees because Plaintiff helped establish precedent regarding a plaintiff's right to discovery in an ERISA case. Here, Plaintiff successfully defended a motion for a protective order in which Defendant sought to preclude Plaintiff from deposing Defendant's reviewing physician, Dr. Hauptman. This deposition testimony enabled Plaintiff to present evidence regarding Defendant's failure to address the reviewing physician's reports despite stinging criticism of those reports by another court. This evidence, in turn, demonstrated that the court should use the *de novo* standard of review rather than a more deferential one. ERISA plans often resist discovery in cases such as the present one, and Plaintiff's effort helped resolve the question of whether ERISA

plaintiffs should be permitted to engage in discovery. Therefore, this factor weighs in favor of an award of fees.

 Finally, the fifth *Hummell* factor favors an award of fees as well. "The fifth Hummell factor, the relative merits of the parties' positions, is, in the final analysis, the result obtained by the plaintiff." *Smith,* 746 F.2d at 590. Here, Plaintiff obtained all the benefits he sought and obtained an excellent result.

All the *Hummell* factors favor an award of attorney fees. Therefore, the Court must determine the proper amount of fees to award. In assessing the amount attorney fees to be awarded under § 1132(g), the Court determines the "'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *D'Emanuele v. Montgomery Ward & Co., Inc.,* 904 F.2d 1379, 1383 (9th Cir.1990). "[U]pward or downward adjustments [to the lodestar] are the exception rather than the rule since the lodestar amount is presumed to constitute a reasonable fee." *Id.*

Here, Plaintiff's counsel seek fees based on an hourly rate of $400. They have presented evidence regarding their vast experience in the fields of ERISA and insurance law; each attorney has approximately 20 years' experience in these areas. They have presented evidence that they have been awarded this hourly rate in similar cases. The Court finds the hourly rate sought to be reasonable.

In light of the discovery conducted in this case, the vast administrative

record, and the legal briefs filed in support of Plaintiff's claim for benefits and in support of the present Motion, the Court finds the 194.6 hours expended by Plaintiff's counsel to be reasonable. The Court has reviewed each individual line item of Plaintiff's counsel's billing records and finds no individual entry[1] to be excludable as unreasonable or unsupported by counsel's description of the time expended.

Accordingly, the Court awards attorney fees to Plaintiff in the amount of $77,840 (194.6 hours × $400 per hour = $77,840).

---

1. The Court does not exclude the 1.2 hours spent by Plaintiff's counsel in meeting with Plaintiff regarding possible litigation. Although time expended during the administrative phase of a claim for benefits is not compensable, the Court accepts Plaintiff's counsel's argument that this "time ... was not spent in pursuit of administrative remedies, but rather was time spent directed toward the filing of litigation." Reply at 4. Indeed, the billing record detail supports this characterization: "Meeting with potential client re initial denial and potential litigation." Kantor Decl., Ex. C at 1.