**Igor GUNN, Plaintiff–Appellee,**

v.

**RELIANCE STANDARD LIFE INS. CO., et al., Defendants–Appellants.**

**Nos. 05–56900, 06–55077.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2007 [*].

Filed Aug. 15, 2007.

Glenn R. Kantor, Esq., Kantor & Kantor, LLP, Northridge, CA, for Plaintiff–Appellee.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

Colleen R. Smith, Esq., Harrington Foxx Dubrow & Canter, LLP, Los Angeles, CA, Joshua Bachrach, Esq., Rawle & Henderson, LLP, Philadelphia, PA, for Defendants–Appellants.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON,** District Judge.

## MEMORANDUM ***

Igor Gunn ("Gunn"), the beneficiary, brought action against Reliance Standard Life Ins. Co. ("Reliance"), the plan administrator, after he was denied benefits under a long-term disability insurance policy that was subject to the Employee Retirement Income Security Act (ERISA).

The district court, in a published decision, held that Gunn was entitled to long-term disability payments. *Gunn v. Reliance Standard Life Ins. Co.,* 399 F.Supp.2d 1095 (C.D.Cal.2005). The district court also awarded Gunn his attorney's fees. *Gunn v. Reliance Standard Life Ins. Co.,* 407 F.Supp.2d 1162 (C.D.Cal. 2006). Reliance timely appealed both judgments. We have jurisdiction. 28 U.S.C. § 1291.

The district court granted summary judgment in this case by applying a *de novo* review standard under our decision in *Atwood v. Newmont Gold Co.,* 45 F.3d 1317 (9th Cir.1995). After the district court granted summary judgment, we overruled *Atwood* in *Abatie v. Alta Health* *& Life Ins. Co.,* 458 F.3d 955, 967 (9th Cir.2006) (en banc).

We vacate and remand to permit the district court to evaluate Reliance's denial of Gunn's claim under the *Abatie* standard, taking into account any conflict of interest created by Reliance's dual role as payer of benefits under the plan and decision maker regarding eligibility for plan benefits. Specifically, the district court shall conduct abuse of discretion "review informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie,* 458 F.3d at 967–70. We express no opinion as to the result that review should reach.

Because Gunn is no longer the prevailing party, the award of attorney's fees and costs to Gunn is also vacated.

Each party to bear its own attorney's fees and costs on appeal. **VACATED** and **REMANDED** with instructions.

** Honorable James K. Singleton, Jr., District Judge, District of Alaska, sitting by designation

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.