Brian ARNETT, Plaintiff,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; Group Insurance Policy of Los Angeles Police Protective League, Defendants.**

**Case No. CV 05–01527 DDP (SHx).**

United States District Court, C.D. California.

April 10, 2007.

Frank N. Darras and Lissa A. Martinez, Shernoff Bidart Darras Echeverria, LLP, Ontario, CA, Michael B. Horrow, Donahue and Horrow, LLP, for Plaintiff, Brian Arnett.

Bruce D. Celebrezze, Dennis G. Rolstad and Michelle Y. McIsaac, Sedgwick, Detert, Moran & Arnold, LLP, San Francisco, CA, for Defendants, Hartford Life and Accident Insurance Company; Group Insurance Policy of Los Angeles Police Protective League.

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

DEAN D. PREGERSON, District Judge.

This matter comes before the Court on Plaintiff's motion for attorneys' fees. After reviewing and considering the materials submitted herein, the Court grants the motion and adopts the following order.

## I. BACKGROUND

### A. *Plaintiff's Injuries and The Denial of Benefits*

On November 11, 1997, Officer Arnett sustained injuries while on duty when his patrol car broadsided another car at ap-

proximately fifty (50) miles an hour. Between 1997 and 2001 Officer Arnett was examined and treated by a number of physicians who ultimately determined that he had disabilities that prevented him from returning to full duties as a police officer. During this time, unable to fully perform duties required of a police officer, Officer Arnett began working as a police academy instructor.

On April 15, 2001, Officer Arnett, who was no longer working in any capacity, submitted a claim for long term disability benefits to Hartford Life and Accident Insurance Company ("Hartford"). The Physical Capabilities Evaluation form prepared by Dr. Stokes that accompanied the claim stated that Officer Arnett could only sit, stand, walk and drive for forty-five (45) minutes total per day and that he could not lift items weighing more than twenty 20 pounds, nor climb, crouch, or reach below waist level.

In October 2001, Hartford requested that the University Disability Consortium conduct a medical records review to determine if Officer Arnett was disabled from his instructor position as of his last day worked. In that review Dr. Mercer suggested that a careful independent medical examination would be useful, but nonetheless concluded that Officer Arnett could have worked full time one month after the accident with certain restrictions. On January 2, 2002, Hartford denied the claim on the basis that Arnett could still perform the duties required for what Hartford deemed his occupation: police academy instructor.

### B. Court Proceedings

On March 1, 2005, Officer Arnett filed a complaint with this Court seeking long-term disability benefits under the Los Angeles Police Protective League's Long Term Disability and Life Plan that is insured by Hartford. This plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). On June 15, 2006, this Court granted Officer Arnett's motion for summary adjudication on the standard of review and the plaintiff's motion for summary judgment. The Court determined that "Officer Arnett is entitled to disability benefits under the plan." In its Order Granting Summary Judgment, the Court found that Hartford applied the incorrect occupational standard to Officer Arnett's claim and unreasonably concluded that Officer Arnett could perform the essential duties of the police academy instructor position. In addition, the Court found that Hartford unreasonably failed to order an independent medical examination for Officer Arnett. Finally, the Court found that Arnett's occupation was that of a police officer and that he was disabled from his occupation.

On June 27, 2006, the Court entered judgment in the amount of $116,880.47. I t further ordered that Hartford pay pre-judgment interest at the rate of 10% per annum, in the amount of $43,090.89. On June 29, 2006, the Court vacated the Judgment based on the defendants' Objection to Plaintiff's [Proposed] Judgment, in which Hartford argued that there was "no evidence to verify the amount of benefits claimed by the plaintiff or the amount of offsets for workers' compensation benefits." The parties were then unable to agree on a proper amount of judgment.

On December 19, 2006, 2006 WL 5781982, the Court issued an order granting in part and denying in part the plaintiff's motion for determination of benefits and interest due. The calculation of other benefits required Hartford to determine whether Arnett is disabled under other provisions of the plan, so the Court remanded to Hartford to make this determination. On February 27, 2007, the Court

entered judgment in favor of Arnett in the amount of $74,180.77 for 24 months benefits due under the terms of the Plan 3/27/01 through 3/26/03, and ordered Hartford to pay prejudgment interest in the amount of $34,871.07.

### C. Attorneys' Fees

On March 15, 2007, Arnett filed a motion for attorneys fees in the amount of $124,020.00, This amount is attributed to 71.6 hours expended by Michael Horrow, billed at a rate of $425.00 per hour, and 267.4 hours expended by Lissa Martinez, billed at a rate of $350.00 per hour. Defendants oppose the motion for attorneys fees arguing that: (1) Arnett did not prevail on significant issues, (2)the fees and time allegedly incurred by plaintiff's counsel are excessive and unreasonable, (3) the hourly rates requested by plaintiffs counsel are also unreasonable. The Court addresses each of these argument in turn.

## II. DISCUSSION

### A. Success on Any Significant Issue

■ 29 U.S.C. § 1132(g)(1), authorizes the court, in its discretion, to award attorneys' fees to either party. The Ninth Circuit has held that ERISA, which is remedial legislation, should be liberally construed in favor of protecting participants in employee benefit plans. *Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1984). Courts "considering a motion for attorneys' fees under ERISA should apply discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to courts." *Id.* Therefore, the attorneys' fee provision should be "read broadly to mean that a plan partici-

pant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover attorneys' fees unless special circumstances would render such an award unjust." *Id.* (internal quotations and citations omitted). The rule of this case is that "ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.*

■ As a threshold issue the Court must address Hartford's argument that Arnett did not prevail on a "significant issue." In support of this position, Hartford points to the fact that the "judgment for plaintiff on his MSJ was vacated." (Def.s' Opp. at 2). Although it is correct that the Court vacated the judgment, this decision was predicated on uncertainty surrounding the amount of money that Hartford owed Arnett, not on any infirmity in the merits of Arnett's case. Defendants had previously denied that Arnett was disabled and denied his insurance claims. In deciding Arnett's motion for summary judgment, the Court determined that Arnett was disabled and was entitled to payment. The Court subsequently awarded Arnett $109,051.84. Thus, Arnett clearly prevailed on this significant issue. Defendants' also suggest that if Arnett did not prevail on any other significant issue he should not receive his attorneys, fees and costs.[1] This is a fundamentally incorrect statement of the law. The Ninth Circuit has clearly stated that "a fee award should not be reduced simply because [plaintiff] failed to prevail on every contention raised

---

1. Hartford also contends that the Court's decision to remand the issue of disability under the "any occupation" standard means that Arnett did not prevail on this issue. Prior to the decision Hartford had denied Arnett's claims in their entirety. By leaving the door open for additional recovery under the "any occupation" standard, the Court put Arnett in a better position than he would have been absent the litigation.

in the lawsuit." *Smith,* 746 F.2d at 590–91.

### B. *Hummell Factors*

■ Courts also consider five factors in determining whether an award of attorneys' fees is appropriate: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* (citing *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 453 (9th Cir.1980)). No one factor is decisive, and some may not be pertinent in a given case. *Smith,* 746 F.2d at 590 (internal citation omitted).

■ The first factor calls the Court to consider the degree of the opposing parties' culpability or bad faith. Hartford argues that "no where in the Court's December 19, 2006 opinion do the words 'bad faith' appear." (Def.s' Opp. at 3). Despite the absence of these words, the Court clearly indicated that Hartford's arbitrary classification of Arnett as an instructor ignoring his continuing duties as a police officer and its denial of benefits without and independent medical examination were both unreasonable. Without deciding the issue of Hartford's "bad faith," the Court concludes that this factor weighs in favor of granting attorneys' fees. The second factor addresses the ability of the opposing parties to satisfy an award of fees. Hartford has conceded that it will be able to satisfy a fee award. This factor also weighs in favor of granting attorneys' fees.

The third factor, that considers whether an award of fees against the defendants would deter others from acting in similar circumstances, does not weigh against granting attorneys' fees. Hartford is correct that there was no evidence presented that an award of fees would deter others. However, Arnett is also correct that because ERISA preempts California's stronger protections for the insured, absent an award of fees, the only compensation Arnett may receive for the extended litigation resulting from Hartford's arbitrary denial of his claims is the payment to which he was entitled in the first place. Therefore, the grant of fees is the sole deterrent available against arbitrary claim denial under ERISA.

The fourth factor considers whether the plaintiff sought to benefit all participants or beneficiaries of an ERISA plan or resolve a significant legal question regarding ERISA. Hartford correctly notes that the plaintiff's claim is an individual one. However, because numerous police officers acting as academy instructors are covered by this same plan, the Court's determination that Hartford may not ignore their continuing status as officers in determining disability, does benefit those additional plan participants. This factor weighs in favor of a grant of attorneys' fees.

"The relative merits of the parties' positions, is, in the final analysis, the results obtained by the plaintiff." *Smith,* 746 F.2d at 590. In the instant case, plaintiff won on summary judgment. As such, the Court finds that this factor weighs in favor of awarding attorneys' fees.

### C. *Analysis of Amount Requested*

■ The Ninth Circuit adopts the hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), to determine the proper amount of attorney's fees awards in ERISA actions. *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th

Cir.2000). This approach requires the court to balance several factors and authorizes the court to exclude fees or hours charged deemed excessive. *Hensley*, 461 U.S. at 433–34, 103 S.Ct. 1933. Plaintiff seeks an award of $124,020.00 in attorneys' fees based on 339 hours of attorney time from January 24, 2005 through March 15, 2007. Defendants' argue that if the Court determines that Plaintiff is entitled to any attorneys' fees, the amount Plaintiff requested is unreasonable on the basis that the time spent and the requested rates are excessive.

### 1. Time Spent on MSA and MSJ

■ Defendants argue that the 187.7 hours attributed to preparing the Motion for Summary Adjudication regarding the standard of review and the Motion for Summary Judgment is "outrageous." They argue that given plaintiff's attorneys experience, they had probably already researched a number of the issues, and probably used boilerplate language for parts of the motions. Plaintiff points to the 1400 page administrative record provided by Hartford that the Court requested the plaintiff reorganize without duplicates into chronological order separated by topic. Plaintiff also highlights the length of both motions (25 pages) and the length of the Statement of Uncontroverted Facts and Conclusions of Law (38 pages). Finally, the plaintiff notes that the issues in this case were sufficiently complicated to produce a lengthy and detailed order granting summary judgment (25 pages). The Court finds that the time spent by the plaintiff's counsel was reasonable in this case.

### 2. Time Spent of Discovery and Motion to Compel

■ Defendants also argue that plaintiff should not receive attorneys' fees for 10.8 hours spent preparing special interrogatories, requests for production of documents, requests for admissions, deposi-tion notices, subpoenas and the Joint Stipulation to compel Defendants' responses to Plaintiff's discovery. The thrust of this argument is that if these motions are unsuccessful, defendants' should not be required to pay for the time spent. The Supreme Court has clarified this issue stating: "where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440, 103 S.Ct. 1933. Here, the discovery matters and motion to compel were directly related to the claim on which plaintiff won substantial relief. Furthermore, the Court finds that 10.8 hours in legal fees for this purpose is not excessive.

### 3. Time Spent on Determination of Benefits

Contending that plaintiffs have researched and briefed the issues related to determination of benefits in the past, defendants' argue that 57.7 hours attributed to this motion is excessive and should be reduced. Defendants explain that 6.4 hours were spent researching, and 19 hours were spent calculating benefits in the face of "Hartford's continued dispute [of] the calculation of benefits and WC offsets" "at every turn." Defendants also explain that 38 hours were spent preparing the motion, reviewing the opposition; preparing the reply, and preparing for and attending the hearing. The Court is not persuaded that 57.7 hours is unreasonable in this case.

### 4. Additional Requested Reductions

■ Defendants' argue that plaintiff's attorneys' time spent attending the hearings on the motions was duplicative because both attorneys attended the hearings. The Ninth Circuit has stated that "the participation of more than one attor-

ney does not necessarily constitute and unnecessary duplication of effort." *Kim v. Fujikawa,* 871 F.2d 1427, 1435 n. 9 (9th Cir.1989). Given the importance of the Motion for Summary Adjudication regarding the standard of review and the Motion for Summary Judgment in this case, the attendance of both attorneys' is not duplicative and will not be reduced as excessive.

■ Defendants' also argue that time spent on tasks they deem clerical or administrative should be reduced because it should not have been done by an attorney. For example, defendants take issue with attorney time spent reviewing the administrative record and preparing a chronology of the record, as well as preparing subpoenas, deposition notices, declarations and requests for judicial notice. Plaintiff argues that these tasks were not clerical or administrative and that plaintiffs' attorneys performed these tasks to assist in formulating the legal arguments underlying the motion for summary judgment. The Court finds that it was reasonable for plaintiff's counsel to perform these tasks.

■ Finally, Defendants argue that the time spent addressing issues related to Workers Compensation is "investigative work similar to the work performed in an ERISA action pre-litigation because it is preliminary work, rather than work performed in furtherance of litigation." (Def.s' Opp. at 14). Plaintiffs respond that in this case the time expended was "in furtherance of litigation" because the time was spent responding to Hartford's concerns about Workers Compensation offsets during the litigation process. The Court finds that this time was spent in furtherance of litigation and will not reduce the hours.

■ Defendants' contention that plaintiff is not entitled to attorneys' fees because Arnett did not prevail on a significant issue and numerous detailed objections to almost every hour accounted

for by plaintiff's attorneys further supports plaintiff's request for fees related to the motion for attorneys' fees. To the extent that any of this time could be seen as excessive, these excesses were invited by the defendants' litigation strategy and will not be deducted.

## III. CONCLUSION

■ This was a complex case that was contested at every turn. Accordingly, the Court finds the overall amount requested reasonable and grants the plaintiff's motion for attorneys' fees in the amount of $124,020.00.

IT IS SO ORDERED.