**Donna GULLIDGE, Plaintiff,**

v.

**HARTFORD LIFE & ACCIDENT IN-SURANCE COMPANY; Group Long-Term Disability Plan for Employees of the First American Corporation, Defendants.**

**No. 2:06CV04412ERMANX.**

United States District Court, C.D. California.

Aug. 13, 2007.

Corinne Chandler, Glenn R. Kantor, Kantor And Kantor, Northridge, CA, for Plaintiff.

Bruce D. Celebrezze, Dennis G. Rolstad, Michelle Y. McIsaac, Sedgwick Detert Moran & Arnold, San Francisco, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

RAFEEDIE, Senior District Judge.

This matter came before the Court on Monday, August 6, 2007, at 10:00 a.m. on

Plaintiff's motion for an award of attorneys' fees. The motion is hereby GRANTED in the amount of 29,880.00.

■ In an ERISA action, under 29 U.S.C. § 1132(g)(1), the district court may, in its discretion, award attorney's fees to "either party."[1] Attorney's fees are proper even when an action is settled by the parties. *See Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). A plaintiff is deemed to have prevailed despite the absence of a formal judgment in her favor when she obtains the relief she sought by filing suit. *See id.* Here, because the settlement awarded Plaintiff precisely the relief she sought, namely, payment of back benefits and reinstatement to the plan, she may be deemed a prevailing beneficiary. The Ninth Circuit has held that a prevailing beneficiary should ordinarily be awarded attorney's fees and costs "absent special circumstances cautioning against it." *Boston Mut. Ins. v. Murphree,* 242 F.3d 899, 904 (9th Cir.2001).

■ Given this preference and an absence of special circumstances cautioning against it, and after reviewing the five *Hummel* factors relevant to this inquiry,[2] the Court believes that Plaintiff should be awarded her reasonable attorney's fees in connection with this action. Although the Court finds that there is insufficient evidence to support Plaintiff's claim that Defendant acted in bad faith in initially denying her benefits claim, bad faith is not required to justify an attorney fee award.

*See Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 590 (9th Cir.1984) (explaining that, although a finding of bad faith will always justify a fee award, it is not required). Defendant concedes that it has the ability to satisfy a fee award, which weighs in favor of awarding attorneys' fees to Plaintiff. *Id.* ("Based on this factor alone, absent special circumstances, a prevailing ERISA employee should ordinarily receive attorney's fees from the defendant."). Furthermore, although the merits of this case were not litigated, the fact that Plaintiff obtained the relief she brought suit to recover weighs in favor of awarding her attorneys' fees. *See id.* (explaining that "the relative merits of the parties' positions . . . is, in the final analysis, the result obtained by the plaintiff" and therefore, because "[b]y way of settlement, [the plaintiff] received a portion of what he brought suit to recover," he was entitled to an award of attorney's fees).

■ With respect to the hourly rate, Plaintiff's attorney's rate of $450 an hour appears reasonable based on the evidence presented. "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990). In this case, Plaintiff's attorneys have submitted declarations by other attorneys stating that

---

1. Title 29 U.S.C. § 1132(g)(1) states, "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

2. In *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446 (9th Cir.1980), the Ninth Circuit outlined five factors to consider in determining whether attorney's fees and costs should be awarded under § 1132(g)(1): (1) the degree of the

opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question involving ERISA; and (5) the relative merits of the parties' positions. *Id.* at 453.

$450 is a reasonable hourly rate for attorneys of similar credentials and experience, as well as a copy of a recent Central District decision by Judge Audrey Collins, in an ERISA case involving the same attorneys and same Defendant, in which Judge Collins found the rate of $450 an hour to be reasonable. This is adequate evidence that the rate is reasonable. Although Defendant disputes this hourly rate, it has not offered any evidence in support of its contentions. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir.1993) (stating that the party opposing a fee request has the burden of producing rebuttal evidence in its opposition). Therefore, the Court finds the rate of $450 an hour to be reasonable.

Plaintiff's counsel requests attorney's fees for 59.4 hours of work up to the time this motion was brought, plus 5 hours for preparing the reply brief and 2 hours to prepare for and attend this hearing, for a total of 66.4 hours. The Court has thoroughly examined Plaintiff's attorneys' billing records and finds the hours expended to be reasonable.

■ Defendants take issue with the approximately 3.8 hours Plaintiff's counsel spent on preparing discovery requests and a motion to compel, regarding matters outside the administrative record. *Abatie v. Alta Life & Health Ins. Co.* grants district courts discretion to consider evidence outside the administrative record in deciding whether a conflict of interest existed. Some discovery regarding whether a conflict of interest existed is therefore appropriate if the plaintiff plans to raise the issue of conflict of interest at trial, which Plaintiff in this case apparently did. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949–50 (9th Cir.2007) (stating that some discovery aimed at demonstrating a conflict of interest may be appropriate).

Therefore, the 3.8 hours Plaintiff expended on discovery was reasonable.

■ Defendants also object to the 9.2 hours Plaintiff's attorney spent on "clerical tasks," e.g. preparing a chronology of the case and preparing declarations and exhibits in support of a discovery motion, that Defendant claims should have been performed by a non-attorney. Defendants rely on the *Mogck v. Unum Life Insurance Co.*[3] case to support their contention that preparing a chronology of the administrative record is work that should be delegated to a non-attorney. However, the facts of *Mogck* are readily distinguishable from this case. In *Mogck*, the plaintiff's counsel spent over 49 hours in preparing the case chronology, which the court found should have been charged at the paralegal rate of $65 per hour as opposed to the higher attorney's rate, because of the unreasonably large amount of hours spent on the task. In contrast, in this case, Plaintiff's counsel spent a mere 3.8 hours reviewing the administrative record and preparing the chronology. The Court does not believe 3.8 hours is an unreasonable amount of time to spend on this task, or that it is *per se* necessary for a paralegal or other non-attorney to have performed the task.

Defendant offers no authority for its contention that the 1.8 hours Plaintiff's attorney spent preparing a declaration and exhibits in support of a motion to compel, and the 3.6 hours Plaintiff's attorney spent preparing declarations and exhibits in support of Plaintiff's motion for attorney's fees, should have been done by a non-attorney. The Court finds that the hours spent on these tasks were reasonable, and there is no indication that it was inappropriate for these tasks to be performed by attorneys.

**3.** 289 F.Supp.2d 1181 (S.D.Cal.2003).

Finally, the Court does not believe it is necessary to apply a multiplier to reduce Plaintiff's attorneys fees because the fees, according to Defendant, increased "exponentially" before trial. This case appears to have settled less than two months before trial. It is not uncommon for attorneys to begin putting in "exponentially" more work on a case as it gets closer and closer to trial. The fact that Plaintiff's attorney's fees rose sharply as the case neared trial is not unusual, and does not warrant a reduction in fees.

Therefore, the Court hereby GRANTS Plaintiff's motion for attorneys' fees in the amount of $29,880, which represents 66.4 hours at $450 per hour. This amount includes 5 hours for preparing the reply brief and 2 hours for preparing for and attending the hearing on this matter.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.