**Linda M. PETERSON, Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION LONG TERM DISABILITY PLAN; Federal Express Corporation; Broadspire, Inc., Defendants.**

**No. CV05–01622–PHX–NVW.**

United States District Court,
D. Arizona.

Nov. 26, 2007.

Scott Edward Davis, Scott E. Davis, PC, Phoenix, AZ, for Plaintiff.

Colby S. Morgan, Federal Express Corp., Memphis, TN, James J. Trimble, Fennemore Craig PC, Phoenix, AZ, for Defendants.

## ORDER

NEIL V. WAKE, District Judge.

Before the court is Plaintiff Peterson's Motion for Accrued Benefits, Prejudgment Interest and Attorney's Fees (doc. # 74), Defendant's Response (doc. # 77), the Reply (doc. # 78). Plaintiff seeks an award of $128,625.00 for 367.50 hours of attorney services, at a rate of $350 per hour. Defendant concedes the $350/hour rate claimed by Plaintiff but disputes the reasonableness of some of the services rendered and time expended. The court concludes after considering the factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir.1980), that attorneys' fees should be awarded to Plaintiff in the reasonable value of the services rendered, as set below.

## I. Standard for Award of Attorney Fees

ERISA § 502(g) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The factors to be considered in the exercise of discretion include:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of fees;

(3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances;

(4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and

(5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. The court must also consider the remedial purposes of ERISA, which are to protect employee rights and secure effective access to federal courts. *See Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984). "The *Hummell* factors reflect a balancing and we need not find that each factor weighs in support of fees." *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir.1999).

Not one of the *Hummell* factors is considered decisive, *see Carpenters Southern California Admin. Corp. v. Russell*, 726 F.2d 1410, 1416 (9th Cir.1984), but the second factor, the ability of the opposing party to satisfy an award of fees, is most important in this case. "Based on this factor alone, absent special circumstances, a prevailing ERISA employee plaintiff should ordinarily recover attorney's fees from ERISA defendants." *Smith*, 746 F.2d at 590. Plaintiff has prevailed entirely in this court on her principal claim for $40,807.50. "As a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Smith*, 746 F.2d at 589 (internal quotations omitted); *see also White v. Jacobs Eng'g Group Long Term Disability Benefit Plan*, 896 F.2d 344, 352 (9th Cir.1990) ("Plaintiffs in ERISA litigation who prevail on significant issues are generally entitled to reasonable attorney fees … [t]his is especially true where, as here, the opposing party is well situated to satisfy an award of fees.") (citing *Smith*).

The first (culpability or bad faith) and fifth (relative merits of the parties' positions) *Hummell* factors also favor a fee award. The first factor is concerned with

culpability in addition to bad faith. *See McElwaine v. U.S. West, Inc.,* 176 F.3d 1167, 1173 (9th Cir.1999). Liberty's culpability in abusing its discretion in processing and deciding Plaintiff's claim favors an award. The fifth factor "is, in the final analysis, the result obtained by the plaintiff." *Smith,* 746 F.2d at 590. Because Plaintiff has been awarded benefits, this factor weighs in favor of an award. *See id.* at 590–91.

The third factor (deterring others from acting under similar circumstances) weighs in favor of an award because it may and ought to deter other ERISA fiduciaries from improperly denying disability claims.

The fourth factor does not favor an award but is not very relevant to this and most ERISA claims, where a disabled worker can only be expected to pursue her own claim and her own essential needs. As a whole, the *Hummell* factors support an award of reasonable attorneys fees and there are no special circumstances that would make such an award unjust.

■ The disproportion between the monetary award and Plaintiff's fee claim of a multiple of that amount does not require a reduction in the award. The factors already discussed largely lead to this conclusion. That ERISA benefits are often modest in comparison to the complexity and expense of litigating wrongfully rejected claims weighs in favor of, not against, awards of the full value of services reasonably expended. To do otherwise would deter the prosecution of meritorious claims and signal to those who are wrongly denied disability benefits that they will lose even if they win their case.

## II. Reasonableness of Services Provided and Time Expended

1. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). In determining the hours reasonably expended, "two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* at 434, 103 S.Ct. 1933.

Defendant objects to two sets of services expended and to the amount of two other sets of services. First is the 66.34 hours ($23,257.50) in litigating the standard of judicial review, which the court resolved against Plaintiff.

■ These were not "[h]ours expended on unrelated, unsuccessful claims should not be included in an award of fees." *Sorenson v. Mink,* 239 F.3d 1140, 1147 (9th Cir.2001). "If the plaintiff has prevailed on some claims but not on others, the court must evaluate whether the successful and unsuccessful claims are distinctly different claims for relief that are based on different facts and legal theories or whether they involve a common core of facts or are based on related legal theories." *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 901 (9th Cir.1995) (internal citations, alterations and quotations omitted). Determining the relatedness of claims is not a precise science. *Webb v. Sloan,* 330 F.3d 1158, 1169 (9th Cir.2003); *see also Hensley,* 461 U.S. at 437 n. 12, 103 S.Ct. 1933 ("We recognize that there is no certain method of determining when claims are 'related' or 'unrelated.' ").

"[T]he test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." *Schwarz,* 73 F.3d at

903 (citations and quotations omitted). Claims are thus unrelated only if the "successful and unsuccessful claims are distinctly different *both* legally *and* factually." *Dang v. Cross,* 422 F.3d 800, 813 (9th Cir.2005) (citations and internal quotations omitted) (emphasis in original). The court should also ask "whether it is likely that some of the work performed in connection with the unsuccessful claim also aided the work done on the merits of the successful claim." *Schwarz,* 73 F.3d at 903 (alterations omitted) (citing *Herrington v. County of Sonoma,* 883 F.2d 739, 747 (9th Cir. 1989)). Once separated, any work performed on claims unrelated to winning claims is not compensable. *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933.

■ Under the two-step analysis set forth in *Hensley,* this fee reduction is not warranted. These services were related to the core claim on which Plaintiff prevailed. *See Sorenson,* 239 F.3d at 1147 ("Claims are 'unrelated' if they are entirely 'distinct and separate' from the claims on which the plaintiff prevailed.") (citing *Odima v. Westin Tucson Hotel,* 53 F.3d 1484, 1499 (9th Cir.1995)); *Webb v. Sloan,* 330 F.3d 1158, 1168 (9th Cir.2003) (holding that claims are related if they involve a common core of facts or they are based on related legal theories). It was reasonable for Plaintiff to seek a heightened standard of judicial review, as that could have been largely dispositive of her case. She had credible arguments, though the court ultimately rejected them under controlling case law at the time. Moreover, the findings in the earlier order on standard of review, though initially against Plaintiff, retained some significance for and benefit to Plaintiff under the standard of *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955 (9th Cir.2006) (en banc), under which this case was decided.

Second, Plaintiff achieved a level of success that makes the hours reasonably ex-

pended a satisfactory basis for making a fee award. *See Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. Plaintiff obtained excellent results in that she has been awarded all the disability benefits she sought. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* (quoting *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933).

2. The second challenge is to the 16.35 hours ($5,722.50) in preparing for the deposition of Andy Nix. This time was substantially directed at questioning the thought processes of one of the Review Committee members, which is not a proper avenue of challenging the decision below. These services were unnecessary, and the objection to them will be accepted.

3. Defendant next objects to the general amount of 163.70 hours ($57,295.00) for work on the cross-motions for summary judgment, which were really review on the administrative record. The Rules of Practice of this court require that a memorandum in opposition to a motion for award of attorneys' fees "shall identify with specificity all disputed issued of material fact and shall separately identify each and every disputed time entry or expense item." LRCiv 54.2(f). Defendant has not complied with this rule as to this objection. The court is not required to review extensive time entries to analyze which are excessive when the objecting party has not done so. Therefore, Defendant has not sufficiently presented this objection.

Nevertheless, while the time expended in gross terms may be toward the high end of the range of reasonableness, it is not excessive in light of the legal, factual, and evidentiary magnitude of this case. The case was complex, and but for thorough review, it might have gone otherwise. Defendant may not complain that Plaintiff should have done less with confidence she still would have won. This objection will

be rejected for both of the foregoing reasons.

4. Finally, Defendant objects to the 15.75 hours ($5,512.50) expended in preparing the fee application. Again, this objection is not supported reference to specific time entries. In any event, the court has reviewed them, and the time is reasonable for a fee application of this magnitude.

### III. Prejudgment Interest

■ In the court's discretion, Plaintiff will be awarded prejudgment interest. *Shaw v. International Ass'n of Machinists & Aerospace Workers Pension Plan,* 750 F.2d 1458, 1465 (9th Cir.1985). The damages are in a liquidated sum, and without prejudgment interest, Plaintiff is not made whole. Defendant could have avoided interest by paying Plaintiff's claim in a timely fashion. The equities weigh in Plaintiff's favor.

IT IS THEREFORE ORDERED that Plaintiff Peterson's Motion for Accrued Benefits, Prejudgment Interest and Attorney's Fees (doc. # 74) is granted in the amount of $122,902.50 in attorney's fees and prejudgment interest at the federal rate.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Plaintiff Linda M. Peterson against Defendants Federal Express Corporation Long Term Disability Plan and Broadspire, Inc., in the following amounts:

—$40,807.50 in principal damages, plus

—$3,145.43 in prejudgment interest to September 14, 2007, plus

—further prejudgment and post-judgment interest on the unpaid portion of the $40,807.50 principal damages at the rate of 3.58% per annum, compounded annually, from September 14, 2007, until paid, plus

—$122,902.50 in attorney's fees, plus interest on the unpaid portion thereof at the rate of 3.58% per annum, compounded annually, from November 26, 2007, until paid.

The Clerk shall terminate this action.