**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEIDI HAMILTON, | No. 08-17353 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00235-RCJ-LRL |
| v. | |
| SEARS ROEBUCK AND COMPANY, DBA The Great Indoors, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted November 4, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN, [**] District
Judge.

Heidi Hamilton ("Hamilton") appeals the adverse summary judgment grant for

both her Title VII sex discrimination and retaliatory termination claims against The

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward R. Korman, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

Great Indoors ("TGI"), a division of Sears, Roebuck and Co., arguing genuine issues of material fact as to whether she established a prima facie case. She also appeals the district court's order on her ERISA claim, in which the court found for her but declined to issue statutory penalties or her counsel's costs and fees.

## A. Gender Discrimination

We review de novo a grant of summary judgment and apply the same standard used by the district court. *Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). "The court must not weigh the evidence or determine the truth of the matters asserted but only determine whether there is a genuine issue for trial." *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994).

Hamilton has failed to establish a material issue of fact as to discrimination. She has not alleged any statements or actions "prov[ing] the fact of discriminatory animus without inference or presumption." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (internal quotations, citations, and alterations omitted).

She has not raised indirect evidence "showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable." *Fonseca v. Sysco Food Serv. of Ariz., Inc.*, 374 F.3d 840, 849 (9th Cir. 2004) (quoting *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002)).

Hamilton's own claims and her former colleague, Irma Hill's, statements allege a different standard for Hamilton and other managers, and Hamilton infers her gender explains this variance. However, TGI demonstrated legitimate, nondiscriminatory reasons for Hamilton's termination – a consistent pattern of poor management and performance reviews dating back to within weeks of her hiring.

Nor can Hamilton show TGI's response "unworthy of credence" when she received negative performance appraisals within weeks of beginning her job. Her statements reflect Davidson's impression of *her* performance. Neither of the other two female managers under Davidson's supervision received reduced bonuses (one was promoted), and Hamilton cannot point to male managers rewarded for substandard performance, conceding "they were doing a good job."

**B. COBRA Damages**

An ERISA plan administrator "may in the court's discretion be personally liable to . . . [a] participant or beneficiary in the amount of up to" $110 per day running from the date of a "failure or refusal" to notify a recipient of her COBRA benefits, "and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1)(A); 29 C.F.R. § 2575.502c-1.

The district court did not abuse its discretion. The court's order left open the possibility Hamilton could have recovered had she been able to show her actual

3

damages. This comports with § 1132(c)(1)(A)'s primary purpose, to compensate victims for damages due to lack of notification, *see Stone v. Travelers Corp.,* 58 F.3d 434, 438-39 (9th Cir. 1995), and Hamilton does not allege any benefit to TGI, thus removing the need for a recovery for a deterrence purpose.

## C. Attorneys' Fees and Costs

Under ERISA, "reasonable attorney's fee and costs" are awardable "in the court's discretion" to either party. 29 U.S.C. § 1132(g). The denial of attorneys' fees is reviewed for an abuse of discretion. *See Honolulu Joint Apprenticeship & Training Comm. v. Foster*, 332 F.3d 1234, 1240 (9th Cir. 2003) [*Honolulu*]. In *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir.1980), we explained the five factors guiding district courts in the decision to award or deny fees, *see Honolulu*, 332 F.3d at 1240, and a decision denying fees will be set aside if the district court "failed to state the reasons for its decision." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (citations omitted).

The district court failed to consider the *Hummell* factors, stating only it "denies fees and costs," without providing any analysis. Because such consideration did not occur, and "a prevailing participant or beneficiary 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust,'" *Honolulu*, 332 F.3d at 1239 (quoting *Smith*, 746 F.2d at 589), we vacate and remand

4

on this issue for the district court to consider the *Hummell* factors in determining fees and costs on the COBRA claim. On all other issues we affirm.

**AFFIRMED in Part; VACATED and REMANDED in Part**. Each party to bear its own costs on appeal.